EMILIO FELICIANO, Petitioner and Appellee, v. JOSÉ G. LÓPEZ. PRESIDENT OF THE SAVINGS AND LOAN FUND ASSOCIATION, ETC., Respondent and Appellant.

No. 6749.. Argued January 25, 1935.—Decided May 21, 1935.

*F. Navarro Ortiz* and *C. H. Juliá* for appellant. . *Edelmiro Martínez Rivera* for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

This is a mandamus proceeding brought by Emilio Feliciano against José G. López as President of the Savings and Loan Fund Association of the Employees of the Insular Government of Puerto Rico, in which the District Court of San Juan rendered judgment upon the evidence adduced before it, holding that ·Emilio Feliciano is permanently physically ·disabled to· perform his duties as an insular policeman and that the respondent López has the ministerial duty of notifying such disability to the heads of the· offices and departments of the Insular Government, in order that the money may be collected with which to pay the insurance held by Emilio Feliciano. Thereupon the respondent took the present appeal.

This is the second time that Feliciano has brought mandamus proceedings against the president of the association in question to collect his insurance, and it is likewise the second time that the matter has come before us on appeal. One of the questions involved in the first appeal was whether the application for retirement for permanent physical disability to perform his duties ought to have been made before the petitioner left his position, and we held that it could be made later, within a reasonable time. We also decided other questions. *Feliciano v. López*, 44 P.R.R. 911.

Part of the history of this case is found in the opinion of this court upon which the judgment was based by which we reversed the judgment entered by the district court against the defendant. It appears therefrom that Emilio Feliciano was an insular policeman entitled to the benefits of Act No. 52 of 1921 (Session Laws, p. 380) which created a system of insurance for certain public employees; that on February 1, 1932, he was removed from his position by a resolution of the Insular Police Commission as physically disabled, according to the resolution, to continue rendering service; that the police commission made that fact known to the president of the board of directors of the aforesaid association; that thereafter, on February 9, 1932, the attorneys for Emilio Feliciano asked the president of such board to give notice of his disability to the heads of offices and departments of the Insular Government of Puerto Rico, according to law, in order that the money with which to pay his insurance might be collected, and that the president and the board of directors have refused to perform such ministerial duty imposed upon them by law.

Our judgment and opinion reversing the lower court on the first appeal is dated April 28, 1933, and on June 30 of the same year Feliciano filed another petition for a writ of mandamus in the District Court of San Juan against the president and the board of the association, in which he sets forth the facts mentioned above, refers to his prior mandamus proceeding, and to our judgment therein, and adds that subsequent to said judgment the plaintiff proved to the defendant on the 8th of March 1933 (he should have said March 11, 1933) his permanent disability to perform his official duties, notwithstanding which the defendant refused to give notice of petitioner's disability to the heads of offices and departments of the Insular Government, wherefore he prays that the defendant be ordered to give such notice. After an alternative writ of mandamus had been issued, the defendant appeared and opposed the contentions of Feli-

ciano, with the result that the court made peremptory the alternative writ previously issued.

One of the defenses set up by defendant in his answer is that the petition for mandamus does not state facts sufficient to justify the issuance of the writ. Another of his defenses is that the said petition is premature.

█ The appellant maintains in his first assignment that the court below erred in not holding that his first defense was valid. His ground is that the petition for mandamus in this case does not allege, as it should, that petitioner sent to the board of directors an application setting forth the facts of the case, as is required by section 12 of the regulations of the association. This section provides that every member of the association in active public service who alleges that he has been permanently disabled to perform his duties by reason of an accident or sickness shall send an application to the board of directors setting forth the facts of the case, attaching to said application a sworn medical certificate showing such permanent disability, if such be the case. With respect to that section we stated on the prior appeal that: ''Section 12 of the regulations does nothing more than to adjust itself to the provisions of the act when it prescribes that the facts of the case should be stated in the application which the employee sends to the association, accompanied by a sworn medical certificate showing the permanent disability. . . It has not been proved in this case that the plaintiff presented an application stating the facts, accompanied by a sworn medical certificate, as the regulations provide.'' The section of the regulations referred to is not inconsistent with the provisions of the act and must be accordingly complied with. The transmittal to the president or to the board of the application setting forth the facts of the case has not been alleged in the petition for mandamus before us. The petitioner, not having sent such report, is consequently in no position to require that notification of his disability be given to the heads of offices and departments

of the government. Similarly, it is not alleged in the petition for mandamus that a sworn medical certificate as to the permanent disability of the petitioner was delivered to the president; but since it is alleged that such disability or incapacity was proved to the respondent, we may admit, giving a liberal interpretation to that allegation, that it was shown by sworn medical certificate. As a matter of fact, it appears from the evidence introduced at the hearing on the petition for mandamus that the attorney for Feliciano sent to the president of the board on May 11, 1933, two sworn medical certificates with respect to the permanent physical disability of the petitioner.

As to whether the petition for mandamus is premature, it appears from the evidence introduced in the court below that after our judgment and opinion of April 28, 1933, had been rendered, Feliciano petitioned us to reconsider the same; that while this petition for reconsideration was pending, his attorney went before the president of the board with his letter of May 11 of that year, enclosing therewith two sworn medical certificates and asking that upon such certificates and upon his letter of February 9, 1933 (he should have said 1932) the provisions of the law be complied with, that is, the provisions with respect to notification of the heads of offices and departments for the collection of the insurance money; that the board of directors resolved on June 19 following to refer that letter together with the file on Feliciano to counsel for the board for their opinion. This resolution was carried out the following day, the 20th, and on that same day the second petition for mandamus was filed in the court below and the alternative writ issued, before the attorneys had a chance to render an opinion, and while the petition for reconsideration was still pending decision. The petition for reconsideration was withdrawn after the second mandamus proceeding was filed, but our judgment was not notified to the court below until the 23rd of that month. It further appears that neither the respondent nor the board

has refused at any time after the letter written in May and the medical certificates were filed to grant Feliciano's petition. These facts demonstrate that the petition for mandamus giving rise to this appeal was premature, since not only was the appeal in the first mandamus proceedings pending decision, but the defendant president had not refused to grant the request contained in the letter of May 11, 1933. Accordingly, such facts appearing from the evidence, the petition for mandamus herein ought to have been dismissed.

We might conclude this opinion at this point, but since Feliciano is complaining about the delay in the collection of his insurance, we think it advisable to say that the delay has been due to his own acts. Instead of filing with the president of the board the printed form furnished him, with blanks to fill in showing the details of his case, and instead of filing the sworn medical certificate, both of which are required by section 12 of the regulations of the association, he thought that the president and the board were necessarily compelled to accept the decision of the Insular Police Commission that he was permanently disabled to render service. There is no provision of law whatever that makes the heads of offices and departments judges of physical disability for the purpose of the collection of insurance. On the contrary, the board has the right to designate a physician to investigate the employee's state of health. One of the duties which it must fulfill is that of verifying that the employee to whom the insurance is to be paid is in fact permanently disabled to discharge his official duties. Feliciano v. López, supra. He was not only precipitate in filing his second petition for mandamus before the president had refused to grant what he asked, and at fault in failing, moreover, to present the application required by section 12 of the regulations, which he held in the prior case to be valid, but he was also mistaken in concluding that once the sworn medical certificate as to his permanent disability had been presented to the president and the board of directors, they

were, upon such certificate, obliged to notify his disability to the heads of offices and departments in order that the insurance money might be collected. As we stated in our former opinion, the board has the right recognized by the act, to designate doctors to verify the alleged disability.

The judgment appealed from must be reversed and substituted by another, dismissing the petition for mandamus.

Mr. Justice Hutchison took no part in the decision of this case.

Mr. Justice Wolf dissented.